UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00044-BJB-HBB

PAULETTE WEDDING, *individually*                                    PLAINTIFF
*and on behalf of those similarly situated*

VS.

MADISONVILLE HEALTH AND                                            DEFENDANTS
REHABILITATION LLC, et al.

## MEMORANDUM OPINION
## AND ORDER

Before the Court is the motion of non-parties,[1] who were ordered to comply with Plaintiff

Paulette Wedding's subpoenas, to stay enforcement of the order until their objection is ruled upon

(DN 52).  Wedding has responded in opposition at DN 58, and the moving entities have replied at

DN 59.

Wedding asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and

the Kentucky Wages and Hours Act, KRS § 337.275 et seq. (DN 1, p. 1).  She brings the claims

individually, and as Class and Collective Actions (*Id.* at pp. 1-2, 24-28).  Wedding alleges in her

Complaint that she was employed at Defendant Madisonville Health and Rehabilitation LLC, a

nursing home, from February 14, 2023, to February 14, 2024 (*Id.* at p. 3).  She further alleges that

---

[1] Beck Mayfield KY PROPCO, LLC; Bedford KY OPCO, LLC; Birchwood Nursing and Rehabilitation, LLC; Cherokee Park Rehabilitation, LLC; Countryside Center for Rehabilitation and Nursing, LLC; CV Louisville Opco I, LLC; Fair Oaks Health and Rehabilitation, LLC; Farthing Mayfield KY OPCO, LLC; Fulton Nursing and Rehabilitation, LLC; Glasgow KY Opco, LLC; Greenville KY, OPCO, LLC; Hopkinsville KY OPCO, LLC; Jeffersontown OPCO, LLC; Leitchfield KY OPCO, LLC; Louisville KY Opco LLC; Owensboro KY OPCO, LLC; Owenton KY OPCO, LLC; Paducah Center for Health and Rehabilitation, LLC; Princeton KY OPCO, LLC; Russellville KY OPCO, LLC; Shelbyville KY Opco, LLC; Westwood Nursing and Rehabilitation, LLC; and Williamstown KY OPCO, LLC.

Defendants Simcha Hyman and Naftali Zanziper have or had ownership interests in Madisonville Health (*Id.* at p. 4). She further alleges that they also have or had ownership interests in Defendant Clearview Health Management KY LLC, and that Hyman, Zanziper, and Clearview control the payroll practices of Madisonville Health (*Id.* at pp. 4, 6). She alleges she was not paid overtime benefits to which she was legally entitled, in that her sign-on bonus was not included when her overtime compensation was calculated (*Id.* at pp. 11-12). Additionally, she claims that because she did not elect to receive employer-provided health insurance benefits, she was paid additional compensation referred to as "Mod Comp (15%)", but this also was not included when her overtime compensation was calculated (*Id.* at pp. 16-18).

Wedding also alleged in her Complaint that Defendants Hyman and/or Zanziper have or had direct or indirect ownership interests in 23 other similar business entities located in Kentucky (*Id.* at pp. 4-6). She further alleges that Defendants Hyman, Zanziper, and Clearview "control the payroll practices of each Kentucky Facility and are joint employers with the Kentucky Facilities of Plaintiff and the similarly-situated employees employed by the Kentucky Facilities." (*Id.* at p. 6). She believes employees at these facilities have been similarly short-changed in overtime compensation calculations (*Id.* at p. 7). Wedding issued subpoenas to the 23 non-party entities identified in her Complaint (DN 17, pp. 3-4). Her subpoenas sought documents subsequent to April 25, 2019, related to sign-on bonuses paid to employees and additional compensation paid to employees who declined health insurance coverage (*Id.* at p.4; DN 17-2, pp. 3-4). The subpoenas further requested paystubs for any such employee and any related spreadsheets or other data, as well as documents reflecting the employees' name and contact information (DN 17, p. 4; DN 17-2, pp. 3-4). Further, the subpoenas sought documentation of any ownership interest the Defendants had in the entity (DN 17, p. 4; DN 17-2, pp. 3-4). Wedding received responses from each of the

subpoenaed entities setting forth identical objections, asserting relevance, burden, and possible privilege as bars to production. (DN 17, p. 4; DN 17-4, p. 2).

Wedding filed a motion to compel the subpoenaed entities' compliance with the subpoenas (DN 17).  The entities filed a Response in opposition (DN 26), arguing procedural deficiencies in the subpoenas in addition to the objections they originally asserted.  The undersigned granted Wedding's motion to compel, however the scope of production, while substantial, was more limited than what was requested in the original subpoena (DN 47).  The Order, entered on September 25, 2024, directed the entities to provide the information to Wedding within 30 days. On October 9, 2024, the subpoenaed entities filed an objection to the Order (DN 51).

The entities request "an order extending or staying their compliance with the September 25, 2024 Order until 30 days after their objections thereto have been resolved. Compliance with the Order prior to resolution of the Subpoenaed Entities' objections would effectively render their objections moot by requiring them to produce the very documents they contend should not be produced" (DN 52, p. 5).

Wedding responds that the entities have not demonstrated good cause for a stay of the Order, in that a stay would not promote the interests of efficiency, conservation of time and resources of the party, and the effective use of judicial resources (DN 58).  Wedding expresses concern that discovery should move expeditiously, because, absent contractual tolling or a judicial equitable tolling decision, the statute of limitations continues to run against other employees who are potential FLSA plaintiffs and have not yet filed a consent to join in the action (*Id.* at p. 3).

The entities reply noting that nothing prohibits Wedding from proceeding with discovery from the presently named parties, but she has failed to do so (DN 59, pp. 1-2).  They note that they face a substantial burden in complying with the subpoenas issued to 23 facilities, and touch upon

3

at least 2,500 employees (*Id.* at fn. 2).  The request for paystubs alone, they contend, could result in the production of 325,000 paystubs, each of which would require individual review (*Id.*).

The filing of an objection to a magistrate judge's order does not stay enforcement of the order.  *Pogue v. Northwestern Mut. Life Ins. Co.*, No. 3:14-CV-598-CRS, 2016 U.S. Dist. LEXIS 81618, at *4 (W.D. Ky. June 23, 2016).  The court has broad discretion to manage the discovery process, including the authority to stay discovery.  *Brown v. Tax Ease Lien Servicing*, No. 3:15-CV-208-CRS, 2015 U.S. Dist. LEXIS 158666, at *10 (W.D. Ky. June 2, 2015).  In assessing whether to stay discovery, courts must consider the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.  *Rudd Equip. Co. v. Volvo Constr. Equip. N. Am., LLC*, No. 3:19-CV-00778-DJH-CHL, 2021 U.S. Dist. LEXIS 216523, at *8 (W.D. Ky. Nov. 8, 2021) (citation omitted).

Here, the Court is mindful that the discovery is sought from non-parties.  "When dealing with a non-party, 'the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non-party.'"  *First Fin. Bank Nat'l Ass'n v. Williams*, No. 5:19-CV-00128-TBR-LLK, 2021 U.S. Dist. LEXIS 193945, at *7 (W.D. Ky. Oct. 7, 2021) (quoting *Medical Ctr. at Elizabeth Place, LLC v. Premier Health Partners*, 294 F.R.D. 87, 92 (S.D. Ohio 2013)).  Notwithstanding that the scope of the subpoena was reduced, the burden of production on the non-parties will clearly be substantial.  Moreover, the information requested is not solely directed to *what other employees may be entitled to notification of the pendency of the action*, but is also simultaneously directed to the issue of *whether employees of the entities are entitled to notice at all.*  If the district judge concludes that Wedding has not demonstrated entitlement to the information she seeks, the non-parties will nonetheless have been forced to expend significant time and expense in responding to the subpoenas.  Weighed against

this is Wedding's concern that the statute of limitations clock is ticking on the ability of other employees to opt-in to the action.  However, these potential plaintiffs are not parties to the action such that they have a present interest in the discovery.  On the whole, granting a stay will promote the interests of efficiency and conservation of time and resources of the parties and non-party recipients of the subpoenas.

   **WHEREFORE**, the motion to stay compliance with the Order directing compliance with subpoenas (DN 52) is **GRANTED**.  Compliance with the Order entered at DN 47 is **STAYED** until 30 days after such time as the District Judge rules on the objection filed at DN 51.

**H. Brent Brennenstuhl**
**United States Magistrate Judge**
October 24, 2024

Copies:  Counsel

5