UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00044-BJB-HBB

**PAULETTE WEDDING,** *individually*                                                    **PLAINTIFF**
*and on behalf of those similarly situated*

**VS.**

**MADISONVILLE HEALTH AND**                                                   **DEFENDANTS**
**REHABILITATION LLC, et al.**

**MEMORANDUM OPINION**
**AND ORDER**

Before the Court are a number of related motions. DN 34 is Plaintiff Paulette Wedding's motion to compel Defendants' responses to discovery requests, to deem any objections waived, and to deem matters admitted as to submissions to Defendant Madisonville Health and Rehabilitation, LLC. Wedding further seeks an award of attorney's fees (*Id.*). Wedding filed a supplement to her motion at DN 42. Madisonville Health filed a Response at DN 43, and Wedding filed a Reply at DN 48.

DN 50 is Madisonville Health's motion for a finding of excusable neglect regarding the filing of discovery responses or for an extension of time to file responses. Wedding has responded in opposition at DN 60, and Madisonville Health has replied at DN 62.

DN 46 is a motion by Madisonville Health to strike Wedding's supplemental filings at DN 40 and 42 as unauthorized. In DN 49 Madisonville Health similarly moves that Wedding's supplements at DN 42 and certain portions of DN 48 be stricken as unauthorized. The genesis of the present dispute is rooted in Wedding's discovery requests, including requests for admission,

directed to Madisonville Health. Hydra-like, the dispute has morphed into a myriad of arguments and personal accusations.

On June 21, 2024, Wedding e-mailed her first set of discovery requests to Madisonville Health's prior counsel (DN 34-1). The parties agreed to a brief extension of time for response, but on the expiration of that agreed-upon extension, Madisonville Health filed a motion seeking additional time to respond, noting that new counsel had recently assumed the defense (DN 20). Ultimately Madisonville Health provided responses to the discovery requests, but only after the deadline extension it requested had expired. The undersigned denied the motion as moot for that reason (DN 44). Wedding formally mailed the discovery requests on September 18, 2024 (DN 63, fn. 7). Madisonville Health mailed responses on September 16, 2024 (DN 50, p. 5).

In DN 34, Wedding moves to compel Madisonville Health's responses to discovery requests. As noted, subsequent to the filing of the motion, Madisonville Health provided discovery responses (DN 43, p. 8). In her supplementation (DN 42), Wedding shifts the focus of her motion, contending the discovery responses are deficient. Wedding further contends in her Reply that, to the extent Madisonville Health has asserted objections, the objections should be deemed waived and the requests for admission deemed admitted (DN 48, p. 13). Turning to Madisonville Health's motion, as it did in opposition to Wedding's motion to compel, Madisonville Health argues the initial delivery of the discovery requests by e-mail did not constitute proper service and its responses were timely (DN 50). In the alternative, Madisonville Health asks that any delay in serving the responses be excused, citing the change in representation and family health issues which complicated defense counsel's attention to the case (*Id.*).

The predicate issue is when Wedding properly served her discovery requests on Madisonville Health. Madisonville Health observes that Wedding initially served the discovery

2

requests on prior counsel by e-mail, rather than another manner of service identified under Fed. R. Civ. P. 5 (DN 43). As this Court recently noted:

> Fed. R. Civ. P. 5(b)(1) directs that discovery requests must be served on the opposing party's attorney. Section (b)(2) of the Rule lists several approved methods of delivering the document. Here, the Requests for Admission were delivered to Brewer's counsel by e-mail, and thus section (b)(2)(E) is at issue. This part of the Rule provides that service may be performed by sending it to a registered user by filing it with the court's electronic-filing system "or sending it by other electronic means that the person **consented to in writing**. . .." Rule 5(b)(2)(E).

*Brewer v. Air Prods. & Chems., Inc.*, No. 5:23-CV-00123, 2024 U.S. Dist. LEXIS 123912, at *4-5 (W.D. Ky. July 15, 2024) (emphasis added). Wedding cannot identify any express consent by Madisonville Health to accept service of the discovery requests by e-mail (DN 48, fn. 3). Nonetheless, she argues service by e-mail was effective. First, she contends that the requests were also served on Madisonville Health through filing with the Court's electronic-filing system (DN 48, p. 1). Alternatively, she contends that there was "an effective agreement" with prior defense counsel that each could serve documents by e-mail (*Id.* at p. 2). She points to prior defense counsel having acknowledged receipt of the discovery requests, as well as a course of conduct with Madisonville Health's prior counsel having accepted e-mail service in other cases (*Id.* at pp. 2-3). Finally, she contends that, because Madisonville Health responded to the discovery requests, it waived objection to improper service (*Id.* at pp. 6-8).

As to Wedding's contention that she served Madisonville Health through the Court's electronic filing system, Rule 5 does not contemplate the use of the electronic filing system as a means of serving discovery requests. Fed. R. Civ. P. 5(d)(1)(A) directs that discovery requests are not filed "until they are used in the proceeding or the court orders filing." *See Brewer*, 2024 U.S. Dist. LEXIS 123912 at fn. 3.

3

In *Brewer* this Court rejected an argument that a "course of conduct" could override Rule 5's requirement of express consent. "[T]he consent must be express and cannot be implied from conduct." *Id.* at *9 (quoting *Roe v. Marshall Univ. Bd. of Governors*, No. 3:22-CV-00532, 2024 U.S. Dist. LEXIS 42319, at *3-4 (S.D. W. Va. Mar. 11, 2024)). Likewise, in *McClurg v. Dallas Jones Enter.*, this Court observed "'[c]onsent to service by electronic means must be specifically agreed to in writing . . . and cannot be implied from past conduct.'" No. 4:20-CV-00201, 2022 U.S. Dist. LEXIS 150989, at *3 (W.D. Ky. Aug. 23, 2022) (quoting *Ortiz-Moss v. N.Y. City DOT*, 623 F. Supp. 2d 404, 407 (S.D.N.Y. 2008)).

Finally, Wedding offers *Estate of Daniels v. City of Indianapolis* for the proposition that a party who responds to improperly served discovery requests waives the right to insist on compliance with Rule 5. No. 1:20-CV-02280, 2021 U.S. Dist. LEXIS 241157, at *6-7 (S.D. Ind. Dec. 17, 2021). This Court considered *Estate of Daniels* at length in its opinion in *Brewer* and found that court's holding to be incompatible with the plain language of Rule 5. *See Brewer*, 2024 U.S. Dist. LEXIS 123912 at *7-8. The same conclusion at which the Court arrived in *Brewer* is applicable to the present case:

> It is undisputed that Brewer had not provided written consent to service of discovery requests by e-mail at the time BOC submitted them. Under the unequivocal language of Fed. R. Civ. P. 5(b)(2)(E) such consent was a prerequisite to valid service. Without valid service, Brewer could not have been in default in her provision of Responses to Requests for Admission and, as such, she cannot be deemed to have admitted the matters due to failure to timely respond.

*Id.* at *10. Consequently, that aspect of Wedding's motion to deem the requests for admission submitted to Madisonville Health as admitted must be denied. Likewise, to the extent Wedding sought compulsion of Madisonville Health's responses to discovery requests, that aspect must be denied as moot, as the responses have been provided. Wedding's supplementation of her motion to address the sufficiency of Madisonville Health's responses has made her motion a moving target

that the Court believes can be better addressed through a hearing, rather than attempting to untangle the matter by cross-referencing the various motions, responses, replies, and supplementations. Consequently, that portion of Wedding's motion is deferred to a subsequent hearing. As the Court concludes Madisonville Health did not untimely serve its responses to the discovery requests, its motion for a finding of excusable neglect or an extension of time is moot, and will be denied for that reason.

As to the motion at DN 46, Madisonville Health addresses Wedding's supplementation on the motion for judgment on the pleadings (DN 40) and her supplementation regarding the motion to compel (DN 42). Only the motion to compel is before the undersigned. The motion for judgment on the pleadings is before the District Judge. It is therefore appropriate for the District Judge to rule on whether Wedding's supplementation regarding that motion is appropriate. Insofar as Madisonville Health requests relief on Wedding's supplementation of the motion to compel, in light of the ruling in this Order, the Court perceives no merit in further addressing the motion and denies it. The portion addressing supplementation of the motion for judgment on the pleadings is reserved for ruling by the District Judge.

Likewise, as to Madisonville Health's motion at DN 49, the Court perceives no merit in further addressing the motion and denies it. Moreover, the Court denies the various requests for attorney fees, as neither party is clearly the prevailing party on the motions.

Wherefore, Plaintiff's motion, DN 34, is **DENIED**, with the exception of the sufficiency of Defendant's discovery responses, which is **DEFERRED** for a later hearing. Defendant's motion at DN 50 is **DENIED AS MOOT**. The motions at DN 46 and 49 are **DENIED,** with partial reservation of DN 46 for ruling by the District Judge as described herein. The Court will contact the parties to schedule a hearing on Defendant's discovery responses.

*H. Brent Brennenstuhl*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

October 29, 2024

Copies: Counsel