UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00044-BJB-HBB

**PAULETTE WEDDING,** *individually*  **PLAINTIFF**
*and on behalf of those similarly situated*

VS.

**MADISONVILLE HEALTH AND**  **DEFENDANTS**
**REHABILITATION LLC, et al.**

### MEMORANDUM OPINION AND ORDER

This Order resolves two issues. The first issue is whether Wedding is entitled to production of documents from Madisonville Health and Rehabilitation ("Madisonville Health") regarding other employees. The second is, assuming she is so entitled, whether the requests are appropriate in scope or impose an unreasonable burden on Madisonville Health.

In its Order at DN 65 the undersigned addressed several matters, including the sufficiency of Madisonville Health's responses to discovery requests. Madisonville Health contended that responding to discovery requests regarding other employees would impose an undue burden. That issue was reserved for a hearing. Following the hearing, the undersigned directed Madisonville Health to supplement its filings with a quantification of the burden (DN 69). Madisonville Health filed its supplementation at DN 77, and, in addition to addressing the burden imposed by Wedding's requests, raised the question of whether she had satisfied a threshold requirement so as to be entitled to the information at all. The Court conducted a follow-up hearing (DN 81) and directed the parties to further brief that issue, which they have at DN 85 and 89. The purpose of

this order is to resolve both the issue left open in DN 65 as to whether the burden imposed on Madisonville Health is unreasonable and also whether Wedding is entitled to discovery regarding other employees.[1]

## Nature of the Case

Wedding filed her Complaint on April 25, 2024 (DN 1). She asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and the Kentucky Wages and Hours Act, KRS § 337.275 et seq. (*Id.* at p. 1). She asserts her claims individually, and as Class and Collective Actions (*Id.* at pp. 1-2, 24-28).

Wedding alleges in her Complaint that she was employed at Madisonville Health, a nursing home as a Licensed Practical Nurse, from February 14, 2023 to February 14, 2024 (*Id.* at p. 3). She further alleges that Defendants Simcha Hyman and Naftali Zanziper have or had ownership interests in Madisonville Health (*Id.* at p. 4). She further alleges that they also have or had ownership interests in Defendant Clearview Health Management KY LLC ("Clearview"), and that Hyman, Zanziper and Clearview control the payroll practices of Madisonville Health (*Id.* at pp. 4, 6).

She claims she was not paid overtime benefits to which she was legally entitled, in that her sign-on bonus was not included when her overtime compensation was calculated (*Id.* at pp. 11-12). Additionally, she claims that because she elected not to receive employer-provided health insurance benefits, she was paid additional compensation referred to as "Mod Comp (15%)", but this also was not included when her overtime compensation was calculated (*Id.* at pp. 16-18).

---

[1] The parties have presented extensive discussion about whether Madisonville Health was afforded the benefit of the "meet and confer" requirement imposed by the local rules before Wedding proceeded with the motion to compel. The Court expects parties to comply with this rule. In this particular instance, however, the undersigned believes the interest of moving the case along merits proceeding to the merits of the dispute rather than becoming mired in this antecedent issue.

**Plaintiff's Discovery Requests**

Four discovery requests submitted to Madisonville Health are at issue. Wedding's requests are as follows:[2]

1. All documents relating to any sign-on bonus to any employee for which any part of the sign-on bonus was paid on or after April 25, 2019, including:
    A. All advertisements for job positions that reference a sign-on bonus;
    B. All policies regarding sign on bonuses;
    C. All documents between you and any employee of you relating to a sign-on bonus, including but not limited to any documents similar to the document attached hereto as Exhibit 1;
    D. All documents relating to lawsuits, arbitrations or other legal proceedings relating in any way to sign-on bonuses filed by or against you;
    E. All communications relating to sign-on bonuses between you and any of the following:
        i. Any employee of Clearview Healthcare Management KY LLC;
        ii. Simcha Hyman; or
        iii. Naftali Zanziper
2. For each employee who received any part of a sign-on bonus on or after April 25, 2019, all paystubs of such employee and all spreadsheets or other data related to amounts paid to such employee for the following period:
    A. If the sign-on bonus was not paid in full to such employee, for the entire period of such employee's employment or
    B. If the sign-on bonus was paid in full to such employee, for the period from the beginning of the employee's employment through the date of the final installment of the sign-on bonus was paid.
3. All documents relating to any additional compensation to employees who decline health insurance coverage offered by you and which compensation was paid on or after April 25, 2019, including:
    A. All advertisements for job positions that reference such compensation;
    B. All policies regarding such compensation;
    C. All documents between you and any employee of you relating such compensation;
    D. All communications relating to sign-on bonuses between you and any of the following:
        i. Any employee of Clearview Healthcare Management KY LLC;
        ii. Simcha Hyman; or
        iii. Naftali Zanziper;
4. For each employee who received any additional compensation for having declined health insurance coverage offered by you, all paystubs of such employee

---

[2] In responding to Wedding's discovery requests, Madisonville Health asserted approximately eight objections to each, including that the burden of responding was disproportionate, the scope was excessively broad, the discovery requests were served before a showing of substantial similarity or certification of a class, the requests were improperly served, and the terms were ambiguous. *See* DN 39-2. This Order should be deemed a ruling on those objections.

3

which included any such compensation, and all spreadsheets or other data relating to amounts paid to such employee during the period of time such compensation was paid.

### **Wedding's Entitlement to Discovery Regarding Other Employees**

Under the FLSA, a plaintiff may assert overtime claims on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b). Because a plaintiff in an FLSA action must affirmatively "opt-in," similarly situated parties must be provided notice of the pendency of the action in order to elect to "opt-in." *See id*. Whether other employees are similarly situated "typically depends on whether they performed the same tasks and were subject to the same policies—as to both timekeeping and compensation—as the original plaintiffs were." *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1010 (6th Cir. 2023). The Sixth Circuit's decision in *Clark* established the current standard for how district courts evaluate opt-in notification, and requires that the court find a "strong likelihood" that the plaintiff and other employees are similarly situated. *Id.* at 1011. This "standard requires a showing greater than the one necessary to create a genuine issue of fact, but less than one necessary to show a preponderance." *Id.*

Madisonville Health contends that Wedding has filed to identify any single FLSA-violating policy or any individuals whose potential causes of action allegedly accrued in approximately the same time. As to her Complaint, Madisonville Health argues that Wedding has failed to allege any definition of her proposed collective. Madisonville Health argues further that, as a threshold for pre-notice discovery, Wedding must allege facts sufficient to support an inference that she has actual knowledge about other employees' job duties, pay structure, hours worked, and whether they were paid overtime hours, and that the other employees are similarly situated to her. To the extent Wedding has identified other similarly situated employees as those who were not paid all

4

the overtime to which they were entitled, Madisonville Health characterizes such identification as too vague to support a likelihood that they are similarly situated.

In deciding *Clark*, the Sixth Circuit was primarily concerned with the manner in which other employees are notified of an FLSA suit. *Id.* As the Northern District of Ohio observed:

> The *Clark* court itself identified the issue before it narrowly: "At issue here is the *showing of similarity* that is necessary for a district court to *facilitate notice of an FLSA suit* to employees who were not originally parties to the suit." *Clark*, 68 F.4th at 1007 (emphasis added). There is a difference between determining before merits discovery and solely for purposes of notice, that plaintiff has shown a strong likelihood that others are similarly situated to him, from determining after merits discovery (but before a final decision on the merits) who among the opt-ins should remain a plaintiff because that person actually *is* similarly situated to the plaintiff.

*McCall v. Soft-Lite L.L.C.*, No. 5:22-CV-816, 2023 U.S. Dist. LEXIS 133548, at *12-13 (N.D. Ohio Aug. 1, 2023). *Clark's* "strong likelihood" standard pertains to what a plaintiff must demonstrate in order obtain notice to other employees. *Clark* does not stand for the proposition that a plaintiff must make the same showing in order to obtain pre-notice discovery. Indeed, *Clark's* only mention of discovery was in the context of directing district courts to "waste no time in adjudicating the motion [for notice]" and observing "[t]o that end, a district court may promptly initiate discovery relevant to the motion, including if necessary by 'court order.'" *Clark*, 68 F.4th at 1011 (quoting FED. R. CIV. P. 26(d)(1)). "This merely states the obvious—that district courts may (or may not) permit early (perhaps expedited; perhaps limited) discovery." *McCall*, 2023 U.S. Dist. LEXIS 133548, at *18-19. To the contrary, "*Clark* and cases in this circuit post-*Clark* support the use of collective-wide discovery as relevant to Plaintiff's heightened burden to show a 'strong likelihood' that the named plaintiff is similarly situated to Defendant's other employees." *Santiago v. Trilogy Health Servs., LLC*, No. 2:23-CV-976, 2023 U.S. Dist. LEXIS 198630, at *2 (S.D. Ohio Nov. 2, 2023). "Given the heightened standard that the Sixth Circuit has now imposed on FLSA plaintiffs, the Court agrees that it would be unreasonable to expect Plaintiff to satisfy

5

that burden while at the same time denying Plaintiff information about potential opt-in plaintiffs that could assist Plaintiff in satisfying his burden." *Jones v. Ferro Corp.*, No. 1:22-CV-00253-JDA, 2023 U.S. Dist. LEXIS 118415, at *16-17 (N.D. Ohio July 11, 2023).

Madisonville Health relies upon *Adames v. Ruth's Hosp. Grp., Inc.*, No. 1:22-CV-00036, 2024 U.S. Dist. LEXIS 64252 (N.D. Ohio Apr. 9, 2024) and *Shoemo-Flint v. Cedar Fair, L.P.*, No. 3:22-CV-1113, 2023 U.S. Dist. LEXIS 111873 (N.D. Ohio June 28, 2023). Neither case, however, deals with what a Plaintiff must establish to merit pre-notice discovery. *Adames* dealt not with discovery, but rather with the question of whether a plaintiff had produced sufficient evidence of being similarly situated to other employees so as to merit notice. 2024 U.S. Dist. LEXIS 64252, *20-21. *Shoemo-Flint* denied a plaintiff's collective action claim, finding that the Complaint lacked sufficient factual detail to permit a reasonable inference that the plaintiff and proposed collective member suffered from a single, FLSA-violating policy. 2023 U.S. Dist. LEXIS 111873, at *7. It denied the plaintiff's request for discovery on the grounds that "[t]here is no reason to think discovery is necessary for Plaintiff to plead facts showing her personal knowledge of the timing and duration of her employment." *Id.* at *6. Here, the Court is not yet tasked with evaluating the sufficiency of Wedding's allegations for purposes of establishing her entitlement to notice.

> [A]t the pleading stage, the plaintiff need only support his FLSA collective claim with sufficient allegations to justify an inference that other employees suffer from a single, FLSA-violating policy. *See O'Brien*, 575 F.3d at 585. Only later, in a motion for the court to facilitate notice, need a plaintiff support his FLSA collective claim with sufficient proof that he enjoys a strong likelihood of demonstrating that other employees are similarly situated to him.

*Berner v. Pharmerica Logistics Servs., LLC*, 703 F. Supp. 3d 802, 809-10 (W.D. Ky. 2023) (*citing Clark*, 68 F.4th at 1011)). Here, Wedding has alleged that she was employed by Madisonville Health as an LPN from February 14, 2023 to February 14, 2024, performing non-exempt work

subject to the FLSA, earning a base-hourly rate (DN 1, pp. 10-11). She has further alleged that when she worked in excess of 40 hours a week, Madisonville Health failed to correctly calculate her overtime pay, in that it did not include certain bonuses to which she was entitled (*Id.* at p. 8). She has also alleged that other nurses were similarly deprived of overtime pay to which they were entitled due to the same erroneous calculation method (*Id.* at p. 18). At this stage, Wedding has alleged sufficient facts from which an inference may be drawn that she and other employees suffered from a single, FLSA-violating policy.

This is not to say, however, that every plaintiff in an FLSA case is automatically entitled to broad-ranging discovery. As noted in *Murphy v. Kettering Adventist Healthcare*, whether to permit and the extent of discovery remains in the court's discretion and there is no mandate in *Clark* that courts "err on the side of ordering discovery" or require discovery simply because a party "invokes the word." No. 3:23-CV-69, 2023 U.S. Dist. LEXIS 203648, at *6-7 (S.D. Ohio, Nov. 14, 2023).

### The Scope of Permissible Discovery Regarding Other Employees

**A. The universe of "other employees" for whom discovery is appropriate.**

Madisonville Health contends Wedding's discovery requests are over-broad as they seek information about all employees. Wedding responds that, in assessing whether employees are similar, courts may consider a plaintiff's job duties, geographic location, and employer supervision, but "only 'to the extent they are relevant to the case'" (DN 89, p. 14) (quoting *Monroe v. FTS USA, LLC*, 860 F.3d 389, 402 (6th Cir. 2017)). From this, Wedding concludes "while whether or not Defendant classified the employee as non-exempt is relevant, the different job titles, supervisors, licensures, shifts, and sign-in bonus intervals of the employees are not: these factors have no bearing on the fundamental allegations Plaintiff makes about Defendant's failure to

7

comply with the regular rate principles of the FLSA" (DN 89, pp. 14-15). Wedding's argument, however, casts aside entirely the core requirement that she must demonstrate that she and the other putative collective action members are "similarly situated," which includes a requirement that they perform the same tasks. As the Northern District of Ohio observed:

> [*Clark*] held that "[w]hether other employees are similarly situated for the purpose of joining an FLSA suit typically depends on whether they perform[] the same tasks and [are] subject to the same policies—as to both timekeeping and compensation—as the original plaintiffs." *Id.* The Court provided context for this point by citing its earlier decision in *Pierce*. There, the Sixth Circuit explained that substance prevails over form. So even though the employees in *Pierce* had different job titles, the fact that their "roles require[d] identical tasks," they were "compensated … under the same plan and," their employer "track[ed] their hours under the same system," meant that the district court didn't abuse its discretion when—at the second step under the pre-*Clark* methodology—it certified a collective action as to the employees. *Pierce*, 922 F.3d at 745-46.
>
> . . . .
>
> Recall that the *first* point the Court in *Clark* made about the *similarly situated* determination was that it "typically depends on whether [the other employees] perform[] the *same tasks* and [are] subject to the same policies—as to both timekeeping and compensation—as the original plaintiffs." 68 F.4th at 1010. (emphasis added). And by citing *Pierce*, the Court drove home the point that district courts should focus on the employee's actual functions. *See id.* (citing *Pierce*, 922 F.3d at 745-46). So what a plaintiff and other employees actually do while working for their employer is significant. *See id.*

*Durbin v. Foundation Health Sols., LLC*, No. 1:22-CV-01719S, 2023 U.S. Dist. LEXIS 158090, *5, *19 (N.D. Ohio Aug. 25, 2023). That court went on to conclude that a generic statement that the Plaintiff provided "care and assistance to Foundation's residents" was insufficient to enable an assessment of whether employees were similarly situated. *Id.* at *19. In the healthcare context, courts typically view employees involved in the nursing field to be at least facially similarly situated. *See, e.g., Samokovski v. Hillstone Healthcare, Inc.*, No. 1:22-CV-701, 2025 U.S. Dist. LEXIS 8935, at *10-11 (S.D. Ohio Jan. 16, 2025) ("Defendants point to the different responsibilities and nuances of each position to show that Plaintiffs do not perform the same duties

8

as the potential opt-in plaintiffs. But, each of those positions (RN, LPN, STNA, and CNA) fall into the common overarching field of nursing. In fact, in *Clark*, the Sixth Circuit found that the plaintiffs and potential class members were similarly situated home-health aides, even the through the group included RNs, LPNs, STNAs, and CNAs."); *Myers v. Marietta Mem. Hosp.*, 201 F. Supp. 3d 884, 895 (S.D. Ohio 2016) (courts have found classes of hospital employees who work in direct patient care, including registered nurses, licensed practical nurses, and nurses' aides, to be similarly situated); *Murphy v. Kettering Adventist Healthcare*, No. 3:23-CV-69, 2023 U.S. Dist. LEXIS 181430, at *20 (S.D. Ohio Oct. 5, 2023) (term "healthcare employee" was too broad an identification, and similarity was confined to RNs, CNAs, LPNs, STNAs, medical assistants, patient care support employees, and other hourly employees who provide "direct care to patients"): *Isaacs v. Landmark Recovery of Louisville, LLC*, No. 3:23-CV-00210, 2023 U.S. Dist. LEXIS 165205, at *48 (M.D. Tenn. Sept. 18. 2023) (LPNs, RNs, Patient Navigators, and Patient Engagement Specialists were similarly situated direct patient care employees). Consequently, for the present, the undersigned concludes that Wedding is entitled to discovery regarding Madisonville Health's other employees occupying nursing positions or analogous direct patient care positions.

> B. The Nature of Documents and Information About Other Employees to Which Wedding is Entitled.

Madisonville health takes issue with the breadth of Wedding's requests as encompassing "all documents" and failing to adhere to Fed. R. Civ. P. 34(b)(1)(A)'s requirement that requests must describe what is sought with reasonable particularity. To a partial extent, Madisonville Health's objections are meritorious. The test for reasonable particularity is whether the request places a party on reasonable notice of what is called for and what is not. *Pan v. Kohl's Dep't Stores, Inc.*, No. 2:12-CV1063, 2015 U.S. dist. LEXIS 92001, at *5 (S.D. Ohio July 15, 2015).

9

"All encompassing demands that do not allow a reasonable person to ascertain what documents are required do not meet the particularity standard of Rule 34(b)(1)(A)." *Locke v. Swift Transp. Co. of Ariz., LLC*, No. 5:18-CV-00119-TBR-LLK, 2019 U.S. Dist. LEXIS 17412, at *3 (W.D. Ky. Feb. 4, 2019) (citation omitted).

The following determinations are subject to the limitation of the universe of employees covered by the discovery requests as previously delineated. The portion of Requests Nos. 1 and 2 seeking "all documents" is overly broad. Subparagraphs A, B and D are reasonably limited in identifying the documentation sought. Subparagraph C should be limited to communications regarding the nursing-related employees. For Requests Nos. 2 and 4, the request for paystubs is reasonably identified. The request for "spreadsheets or other data" is excessively vague.

### C. The Temporal Scope of the Requests.

Wedding seeks documents from April 25, 2009. Madisonville Health objects to the temporal scope of Wedding's requests as outside the applicable statute of limitation. Madisonville Health notes that the FMLA's statute of limitations is two years. Even assuming willful violation, the statute would only be extended by another year. Thus, absent equitable tolling, which has not been requested at this point, Madisonville Health argues that three years from the present is the only relevant window. Wedding responds that she is also pursing a claim under the Kentucky Wage and Hour Act, which carries a five-year statute of limitations. The issue before the Court at present, however, is Wedding's request to undertake discovery in pursuit of her FMLA claim. She notes that she intends to file a request for tolling, but, at the present she has not. At this juncture, the Court concludes that a period of three-years from the present is what has been justified.

10

## **The Burden Imposed by Responding to the Discovery Requests**

Rule 26(b)(1) of the Federal Rules of Civil Procedure guides the evaluation of any discovery request. The Rule provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ." FED. R. CIV. P. 26(b)(1). In assessing whether the discovery is "proportional to the needs of the case," courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. Madisonville Health contends the burden and expense of the discovery outweighs the proportional need. "The party claiming that discovery is burdensome does have an obligation to make that claim with specificity." *Ross v. Abercrombie & Fitch Co.*, No. 2:05-CV-0819, 2010 U.S. Dist. LEXIS 47620, at *10-11 (S.D. Ohio May 14, 2010) (citing *Lurensky v. Wellinghoff*, 258 F.R.D. 27, 30 (D.D.C. 2009) (party resisting discovery on grounds of undue burden "must show good cause for the proposed limitation of discovery, including specific, articulable facts and not merely speculative or conclusory statements"). "Without such a showing, the Court simply may not preclude discovery on the grounds that to allow it would unduly burden the responding party." *Ross*, 2010 U.S. Dist. LEXIS 47620, at *11; *see also Desai v. Charter Communications, LLC*, No. 3:14-CV-459-DJH, 2016 U.S. Dist. LEXIS 198009, at *10 (W.D. Ky. Jan. 15, 2016) (holding a general claim of undue burden unsupported by specific facts is insufficient to deny discovery). As directed by the Court, Madisonville Health has undertaken to provide a quantification of the burden responding to the discovery requests in terms of hours expended and cost.

Assuming the request is limited to FLSA non-exempt employees since 2020 (the date Madisonville Health changed to its present recordkeeping system and thus the most readily available records), Madisonville Health has calculated that 372 employees would be implicated (DN 85, p. 22). The estimated number of paystubs involved is approximately 3,500 (*Id.*). Time to gather other responsive documents is estimated to be between 80 and 100 hours. Attorney review time is estimated to be 25-30 hours (*Id.* at p. 23). The total cost is estimated at between $15,000 and $17,000 to review the payroll records (*Id.* at pp. 20-21). Given that the burden imposed on Madisonville Health will now be less that what it has calculated, given the reductions in the number of employees implicated the temporal scope of the inquiry, the undersigned does not find the burden disproportionate to the needs of the case.

**WHEREFORE**, this Order supplements the Order at DN 65 and the Plaintiff's motion to compel, DN 34, is **GRANTED IN PART** and **DENIED IN PART** as to the sufficiency of the responses to discovery requests. Defendant Madisonville Health and Rehabilitation LLC is directed to provide discovery responses as discussed in this Order.

*[Signature]*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

February 25, 2025

Copies:  Counsel